1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VERNON SYID HOLLIS,

11            Plaintiff,                    No. CIV S-07-0872 RRB DAD P

12       vs.

13   J.A. WONG,

14            Defendant.                    <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20            On May 22, 2007, the court mistakenly issued findings and recommendations,

21   recommending dismissal of this action for failure to comply with Local Rule 83-182(f), which

22   requires that a party appearing in propria persona inform the court of any address change.  Due to

23   a docketing error, the court did not have plaintiff's current address on record.  Good cause

24   appearing, the findings and recommendations will be vacated, and the case will proceed in

25   accordance with this order.

26   /////

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28 U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  <u>See</u> 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

2  Corp. v. Twombly, ___ U.S. ___,     , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

3  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

4  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

5  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

6  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

7  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

8  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

9  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

10  (1969).

11          The Civil Rights Act under which this action was filed provides as follows:

12          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
13          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
14          law, suit in equity, or other proper proceeding for redress.

15  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

16  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

17  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

18  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

19  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

20  omits to perform an act which he is legally required to do that causes the deprivation of which

21  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22          Moreover, supervisory personnel are generally not liable under § 1983 for the

23  actions of their employees under a theory of respondeat superior and, therefore, when a named

24  defendant holds a supervisorial position, the causal link between him and the claimed

25  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

26  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

1    allegations concerning the involvement of official personnel in civil rights violations are not

2    sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3              In the present case, plaintiff has identified as a defendant Sergeant J.A. Wong.

4    Plaintiff also states that he will name additional defendants upon their discovery.

5              Plaintiff's brief complaint requests:

6              A court order requiring this institution and other institutions to
               allow petitioner meaningful access to the law library and other
7              materials.  So that petitioner can cite federal violations.  And the
               assistance of an attorney to help prepare and present this petition.

8

9              The allegations in plaintiff's complaint are so vague and conclusory that the court

10   is unable to determine whether the current action is frivolous or fails to state a claim for relief.

11   The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

12   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

13   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

14   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

15   with at least some degree of particularity overt acts which defendants engaged in that support his

16   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

17   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

18   amended complaint.

19             If plaintiff chooses to file an amended complaint, plaintiff should clarify whether

20   he has attempted to use the law library for legal research and been denied access.  In addition,

21   plaintiff should allege facts demonstrating how defendant Wong's actions resulted in a

22   deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d

23   227 (9th Cir. 1980).  There can be no liability under 42 U.S.C. § 1983 unless there is some

24   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

25   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

26   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official

                                                    4

1   participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266,

2   268 (9th Cir. 1982).

3           Plaintiff is informed that the court cannot refer to a prior pleading in order to

4   make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

5   complaint be complete in itself without reference to any prior pleading. This is because, as a

6   general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375

7   F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

8   longer serves any function in the case. Therefore, in an amended complaint, as in an original

9   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10          To the extent that plaintiff is requesting appointment of counsel, his request will

11  be denied. The United States Supreme Court has ruled that district courts lack authority to

12  require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist.</u>

13  <u>Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may

14  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v.</u>

15  <u>Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36

16  (9th Cir. 1990).

17          The test for exceptional circumstances requires the court to evaluate the plaintiff's

18  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

19  light of the complexity of the legal issues involved. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

20  1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

21  common to most prisoners, such as lack of legal education and limited law library access, do not

22  establish exceptional circumstances that would warrant a request for voluntary assistance of

23  counsel. In the present case, the court does not find the required exceptional circumstances.

24          In accordance with the above, IT IS HEREBY ORDERED that:

25          1. The court's May 22, 2007 findings and recommendations are vacated.

26          2. Plaintiff's June 7, 2007 application to proceed in forma pauperis is granted.

5

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4.  Plaintiff's complaint is dismissed.

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

6.  Plaintiff's April 30, 2007 request for appointment of counsel is denied.

DATED: June 15, 2007.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
holl0872.14a

6